## EDWARD MERKLE

### *v.*

## PETER WEHRHEIM.

1. SPECIFIC PERFORMANCE — *when it will be decreed.* Upon a written agreement for the conveyance of real estate, upon the payment of a certain sum of money and the execution of a mortgage upon the property for the payment of the balance, a specific performance will be decreed upon the tender of the money and the mortgage, although an unwritten agreement had been subsequently entered

Merkle *v.* Wehrheim.

into between the parties, that a conveyance should be made of a less amount than was called for by the written agreement.

2. CONSIDERATION — *essential to support an agreement.* An agreement, not in writing, between the parties to a written contract, for the conveyance of real estate, made subsequent to the execution of such contract, for the conveyance of a less amount than required by the writing, and founded upon no consideration, is not binding between the parties, and will not avail to prevent the specific enforcement of the original contract.

WRIT OF ERROR to the Circuit Court of Marion county; the Hon. SILAS L. BRYAN, Judge, presiding.

The defendant in error filed his bill in the Marion County Circuit Court, for the specific performance of a contract for the sale of twenty feet front of a lot of ground in Centralia. The facts in the case are fully set forth in the opinion of the court.

Messrs. O'MELVENEY and NELSON, for the plaintiff in error.

Mr. W. STOKER, for the defendant in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

Plaintiff in error sold to defendant in error, twenty feet in width, being half of a town lot in Centralia, for the sum of twelve hundred dollars. At the time when the agreement was entered into, defendant in error paid fifty dollars, and agreed to pay four hundred and fifty dollars upon the delivery of the deed, as the advanced or cash payment. The remainder was to be paid in three equal annual installments, with ten per cent. interest. The contract was evidenced by writing. It appears that when plaintiff in error sold the property, he did not have the title, but an agreement for a conveyance from one Zick, with whom he had contracted for the whole lot. The contract involved in this controversy bears date the 28th of January, 1861. Zick conveyed the lot to plaintiff in error on the 14th of February following. It appears from the evidence, that on the seventh of the latter month defendant in error tendered the four hundred and fifty dollars, the mortgage and notes, for

the deferred payments specified in the contract, and demanded a deed, which was refused. Again, on the fifteenth of the same month, a similar tender of money, notes and mortgage was made, and a like demand of a deed; but it was not made. A deed, however, for nineteen feet only was offered.

It appears that the eaves of the house of the plaintiff in error project over one foot of the ground sold to defendant in error, the entire length of the building. It also appears that, to obviate this difficulty, negotiation was resorted to by the parties, which probably resulted in some understanding between them, the precise nature of which does not appear. But it would seem that it was agreed that Zick should convey to defendant in error, nineteen feet, and defendant in error should, thereupon, pay the balance of the twelve hundred dollars. But it appears that Zick refused to make such a conveyance, and defendant in error refused to receive a deed from plaintiff in error for less than the entire twenty feet described in the contract. Defendant in error offered to pay the entire purchase-money if the plaintiff in error would execute the deed according to the agreement.

From Erb's testimony it appears, that on the fifteenth day of February, defendant in error made two tenders. One of four hundred and fifty dollars in coin, together with the notes and mortgage; also another of eleven hundred and fifty dollars, partly coin and partly in bank bills. We can only infer that the first tender was made in pursuance of the terms of the contract, and the other under the subsequent arrangement, that Zick should convey instead of the plaintiff in error. The latter tender, we presume, was objected to because it was not all in coin.

When Zick refused to convey directly to defendant in error, the latter was bound to proceed no further under that agreement. When that arrangement failed, he had a right to fall back and insist upon a fulfillment of the original contract. Even if the latter agreement was binding when entered into, defendant in error was only bound by its terms, and not by different conditions. The difference in covenants by Zick,

instead of plaintiff in error, may have operated as a sufficient inducement to receive from the former a deed for nineteen feet, rather than twenty from plaintiff in error. But, be that as it may, he was not bound to receive a deed from the latter for a less quantity than the twenty feet. When Zick refused to convey the nineteen feet to the defendant in error, it was then manifest that plaintiff in error was wholly unable to carry out the agreement for Zick to convey to defendant in error, and such being the case, defendant in error need not have tendered the eleven hundred and fifty dollars to procure that deed. Some of the witnesses seem to have understood that defendant in error consented, after Zick refused to convey to him, to receive such a deed from plaintiff in error. If this were admitted to be true, still, as no consideration passed, it was not binding until it was consummated.

It then follows that, as defendant had offered to perform his part of the written contract, had made the offer in time, and not being in any respect in default, he was entitled to a specific performance of the agreement. The offer by plaintiff in error of a deed for only nineteen feet was, as we have seen, not in accordance with either the written or the subsequent arrangement, and gave him no right to receive the original contract.

Plaintiff in error has no right to object that the portion of the twenty feet overhung by the eaves of his house, was excepted in the decree. If it was an error it was in his favor, and of which he has no right to complain. The decree of the court below must, therefore, be affirmed.

*Decree affirmed.*